UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| VICTOR L. SMITH, | : | Case No. 3:15-cv-054 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Chief Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| CITY OF TROY, OHIO, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING DEFENDANTS'
JOINT MOTION *IN LIMINE* (Doc. 37)**

This civil action is before the Court on Defendants' joint motion *in limine* to exclude Plaintiff's expert witnesses (Doc. 37) and the parties' responsive memoranda (Docs. 38, 41).[1]

**I.  BACKGROUND**

On February 10, 2015, Plaintiff Victor L. Smith brought this civil action against Defendants under 42 U.S.C. § 1983, the Americans with Disabilities Act (the "ADA") (42 U.S.C. § 12101, *et seq.*), and Ohio state law.  (Doc. 1).  Plaintiff alleges that on February 11, 2014, he experienced an epileptic seizure while driving in Troy, Ohio, causing him to drive his car off the road and into the front yard of a residential property. (*Id*. at 4, ¶¶ 13-14).  Plaintiff asserts that Defendants Osting, Gates, Hohenstein, and

---

[1] Defendants include: City of Troy, Ohio ("City of Troy"); Miami County, Ohio ("Miami County"); Deputy P.M. Osting II ("Osting"); Patrolman S.A. Gates ("Gates"); Patrolman H. Hohenstein ("Hohenstein"); Patrolman C.A. Madigan ("Madigan").  (Doc. 37).

Madigan (collectively, "Defendant Officers") were called to the scene, where Plaintiff was found in apparent medical distress, though unable to communicate meaningfully despite his attempts.  (*Id*. at 4, ¶¶ 15-18).

Plaintiff alleges that, ultimately, he was taken to the ground by force and physically restrained before one or all Defendant Officers stunned him several times in the back and neck using a TASER, all while Plaintiff continued to exhibit signs of epileptic seizures.  (*Id*. at 4-5, ¶¶ 19-27).  According to Plaintiff, it was not until after Defendant Officers repeatedly stunned Plaintiff with TASERs that they finally called for medical assistance.  (*Id*. at 5, ¶ 27).  Plaintiff states that he was then transported to the hospital, where a physician confirmed that he had experienced an epileptic seizure.  (*Id*. at 5, ¶¶ 28-29).

Plaintiff alleges that as a direct and proximate result of the incident, he experienced "pain and suffering, painful injuries, humiliation, medical intervention, depression, anxiety, fear and extreme emotional distress," and that he now "require[s] the care of a mental health professional."  (*Id*. at 6-7, ¶ 37).  Plaintiff seeks compensatory and punitive damages subject to pre-judgment and post-judgment interest, as well as attorneys' fees and costs.  (*Id*. at 20).

## II.  STANDARD OF REVIEW

"Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose."  *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir.1997)).

Similar to other evidentiary rulings, the decision to grant or deny a motion *in limine* is within the sound discretion of the trial court. *Otto v. Variable Annuity Life Ins. Co.*, 134 F.3d 841, 852 (7th Cir. 1998). However, "[o]rders *in limine* which exclude broad categories of evidence should rarely be employed." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Rather, motions *in limine* are "generally confined to very specific evidentiary issues of an extremely prejudicial nature." *Brown v. Oakland Cnty.*, No. 14-CV-13159, 2015 WL 5317194, at *2 (E.D. Mich. Sept. 10, 2015).

In short, if the evidence is not plainly inadmissible on all potential grounds, the Court's "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Indiana Ins. Co.*, 326 F. Supp. 2d at 846. Additionally, "[t]he denial of a motion in limine is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case." *Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266, 275 (E.D. Mich. 2009) (citations omitted).

Notably, however, "[d]enial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial [… but rather] that, without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Indiana Ins. Co.*, 326 F. Supp. 2d at 846. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." *Id*. (citations omitted). "Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound

judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

### III.  ANALYSIS

Defendants seek "an Order *in Limine* to exclude any expert witnesses that Plaintiff may attempt to identify." (Doc. 37 at 1).  More specifically, Defendants argue that "[b]ecause Plaintiff failed to designate his expert witnesses and disclose expert reports and/or summaries of opinions in compliance with Rule 26(a)(2) … he should be barred from calling any expert witnesses at trial; therefore, *liminal* treatment is appropriate." (*Id.* at 3).  Plaintiff opposes the motion as "premature, procedurally improper, and legally insufficient," and argues that "Defendants are not trying to narrow evidentiary issues for trial, but rather, are trying to tee-up an argument for a future summary judgment motion." (Doc. 38 at 8).

Fed. R. Civ. P. 26(a)(2) requires parties to make certain disclosures regarding expert witnesses whose testimony may be used at trial.  "A party must make these disclosures at the times and in the sequence that the court orders," or at least ninety day before the trial date.  Fed. R. Civ. P. 26(a)(2)(D).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*."  Fed. R. Civ. P. 37(c)(1) (emphasis added).

Here, following two unopposed extensions, Plaintiff's primary expert designations were due to be disclosed by January 29, 2016.  (Doc. 30).  To date, Plaintiff has not

4

specifically identified any expert witnesses, nor has Plaintiff attempted to designate any expert witnesses since the deadline passed.  Indeed, Plaintiff asserts that expert testimony is not required to prove his claims, and that his timely lay witness disclosures (Doc. 24) identify the witnesses on which he intends to rely.  (Doc. 38 at 3-8).

In short, Defendants' motion *in limine* seeks to exclude expert witnesses, and preclude future identification of experts, as a sanction for Plaintiff's alleged violation of Rule 26.  However, exclusion *may* be an appropriate sanction under Rule 37(c)(1) where there is an actual violation of the Rule 26(a) or (e) disclosure requirements.  But this Court cannot find such a "violation," *i.e.*, a failure to disclose expert witnesses pursuant to rule, where Plaintiff has neither designated, nor even indicated that he intends to call expert witnesses at trial.  In other words, Plaintiff cannot be required to designate experts that he does not have.  And as Plaintiff has not yet indicated a need or desire to call any expert witnesses, it would be premature to expect him to defend against Rule 37 sanctions by showing that his alleged "failure" to make such disclosures "was substantially justified or [] harmless."

Defendants' motion *in limine* appears to largely rely upon their own assertion that Plaintiff will need expert testimony in order to prove his claims, and thus Plaintiff's lack of expert designations amounts to a failure or violation of the disclosure requirements.  However, the Court declines at this time, and certainly in the context of a motion *in limine*, to address the issue of whether Plaintiff is required to present expert testimony.  As previously stated, motions *in limine* are appropriate for "eliminating evidence that is clearly inadmissible for any purpose." *Indiana Ins. Co.*, 326 F. Supp. 2d at 846 (citing

5

*Jonasson*, 115 F.3d at 440).  Even acknowledging the somewhat advisory nature of *liminal* orders, this Court is not prepared to find such a broad exclusion appropriate here.

## IV.  CONCLUSION

Based upon the foregoing, Defendants' joint motion *in limine* (Doc. 37) is **DENIED**.

Date:  4/12/2016                                                     *s/ Sharon L. Ovington*
                                                                                          Sharon L. Ovington
                                                                                          Chief United States Magistrate Judge