UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Victor L. Smith,**

        *Plaintiff*,

v.                                       Case No. 3:15-cv-054
                                         Judge Thomas M. Rose

**City of Troy,** *et al.*,

        *Defendants*.

---

**ENTRY AND ORDER GRANTING JOINT MOTION FOR SANCTIONS BY DEFENDANTS, DEPUTY PHILLIP OSTING AND OFFICER SCOTT GATES. ECF 68.**

---

Pending before the Court is Joint Motion for Sanctions by Defendants, Deputy Phillip Osting and Officer Scott Gates. ECF 68. Movants request that the Court sanction Plaintiff, pursuant to Federal Rule of Civil Procedure 11, for filing, and refusing to withdraw a brief in support of entry and certification of judgment. ECF 65.

**I.**     **Background**

On February 10, 2015, Plaintiff Victor L. Smith filed a complaint naming as Defendants City of Troy, Ohio, S. A. Gates, H. Hohenstein, C. A. Madigan, Miami County, Ohio, and P. M. Osting. ECF 1. In May 2016, Defendants filed two separate motions for summary judgment: one by the City of Troy Ohio, S. A. Gates, H. Hohenstein, C. A. Madigan and another by Defendants Miami County, Ohio, and P. M. Osting. ECF 48 and 51. On June 20, 2016, Plaintiff filed a document designated "Reply" that was, in actuality, a response to these motions. ECF 55.

1

Defendants filed replies, ECF 56 & 57, rendering the motions for summary judgment ripe. Plaintiff did not file a motion for summary judgment.

On November 14, 2016, this Court granted summary judgment on Plaintiff's claims arising under federal law. Plaintiff's remaining state-law claims were dismissed without prejudice. ECF 59

Plaintiff appealed. ECF 61. On November 1, 2018, the United States Court of Appeals for the Sixth Circuit "REVERSE[D] the district court's judgment granting summary judgment to Deputy Osting on Smith's claims that Osting used excessive force in taking him to the ground with a leg sweep and in handcuffing him forcibly; REVERSE[D] the district court's judgment granting summary judgment to Officer Gates on Smith's claim that Gates excessively deployed his Taser; and REVERSE[D] that part of the district court's judgment dismissing Smith's pendent state-law claims. [It] AFFIRM[ED] the remainder of the district court's judgment and REMAND[ED] this case to the district court for further proceedings consistent with this opinion." ECF 62, PageID 1475-76.[1]

The Court came short of outright foreclosing the possibility of probable cause to arrest Smith, commenting, "There is little in the record to suggest that Smith committed any crime, even a minor one." PageID 1471. The Court noted, "There are factual disputes concerning whether Smith was involved in an automobile accident or whether he parked his car in the yard, and whether he left the scene of an accident or simply wandered away in a stupor due to his seizure." PageID

---

[1] The Court determined that this Court correctly granted summary judgment to Hohenstein and Madigan on Smith's excessive force claim, ECF 62, PageID 1473, and properly granted summary judgment to the City of Troy and Miami County on Smith's § 1983 claims, ECF 62, PageID 1473-74, and correctly granted summary judgment to the defendants on Smith's ADA claim. ECF 62, PageID 1474.

1471. The Court additionally noted, "there is a factual dispute as to whether Smith actually resisted Osting before Osting took him to the ground, or whether Smith merely failed to comply with Osting's order to return to the car." PageID 1471. There is also a "factual dispute regarding whether his failure to put one of his arms behind his back while lying face-down on the ground constitutes 'resistance' sufficient to justify forcible handcuffing by Osting." PageID 1471-72.

The reversal of summary judgment for Osting focused on the question of qualified immunity. Viewing the evidence in the light most favorable to Smith, Osting is not entitled to qualified immunity on Smith's excessive force claim should a jury find that Osting knocked him to the ground and landed on top of him. ECF 62, PageID 1471 "If Smith indeed had committed no crime, if he was unarmed, and if no evidence was adduced that he posed a threat to himself or to others, Osting's forcible handcuffing of him would be excessive and in violation of well-established constitutional principles. Osting thus also was not entitled to qualified immunity for his actions in this regard, especially given the fact that there is no evidence that Osting took Smith to the ground for any reason other than to handcuff him and restrain him forcibly." ECF 62, PageID 1472.

The reversal of summary judgment for excessive force in tasing Gates also focused on the question of qualified immunity while distinguishing Osting's potential liability. While Gates is not entitled to qualified immunity on Smith's excessive-force claim regarding repeated deployment of the Taser on Smith, ECF 62, PageID 1473, "no reasonable juror could find that Osting had the opportunity and the means to prevent Gates from tasing Smith excessively." ECF 62, PageID 1472. The mandate issued. ECF 63,

On March 23, 2018, Plaintiff Victor L. Smith filed a "Brief with the Court." ECF 65.

3

Therein, Plaintiff argued that the Court was now bound to enter judgment in favor of Plaintiff on questions of liability:

> A. The Sixth Circuit found no Qualified Immunity present in Osting Excessive Force I
>
> Osting, by law, used excessive force against Mr. Smith in tackling Mr. Smith. Further and definitively, "Osting is not entitled to qualified immunity for this use of force." Appellate Decision, Doc. No. 62, PageID 1471. Osting used excessive force on Mr. Smith contrary to the Fourth Amendment, under these facts and the Law of the Case I, without qualified immunity for his actions, and is therefore liable for damages under 42 U.S.C. §1983.
>
> B. The Sixth Circuit found no Qualified Immunity present in Osting Excessive Force II
>
> The Sixth Circuit holding mandates that Osting is not entitled to qualified immunity for the attempted handcuffing of Mr. Smith, without equivocation. "Osting thus also was not entitled to qualified immunity for his actions in this regard, especially given the fact that there is no evidence that Osting took Smith to the ground for any reason other than to handcuff him and restrain him forcibly." Appellate Decision, Doc. No. 62, Page 1472. It follows that Osting used excessive force on Mr. Smith contrary to the Fourth Amendment, under these facts and the Law of the Case II, without qualified immunity for his actions, and is therefore liable for damages under 42 U.S.C. §1983.
>
> C. The Sixth Circuit found no Qualified Immunity present in Gates Excessive Force
>
> Further, the Sixth Circuit found explicitly that Gates was not entitled to qualified immunity on this aspect of Smith's excessive-force claim. See Appellate Decision, Doc. No. 62, Page ID 1473. It follows that Gates used excessive force on Mr. Smith contrary to the Fourth Amendment, under these facts and the Law of the Case III, without qualified immunity for his actions, and is therefore liable to Mr. Smith for damages under 42 U.S.C. §1983.

PageID 1491-92.

Plaintiff concludes: "The conclusion is inevitable that there has already been a finding that

both Defendants Osting and Gates used excessive force against Mr. Smith without immunity." PageID 1494. "Certification and entry of judgment, on behalf of Mr. Smith, is appropriate to establish both 'excessive force' and denial of qualified immunity upon both Osting and Gates in all excessive force matters forward, transforming any further litigation into a 'damages-only' suit." PageID 1495.

While there was no motion pending, Defendants felt compelled to respond with a brief as if there were. See ECF 66, "Brief re 65 Brief by Defendants City of Troy Ohio, S A Gates, H Hohenstein, C A Madigan, P M Osting." Plaintiff filed a reply, as if it had a pending motion. See ECF 67, "Reply re 65 Brief In Support of Entry and Certification of Judgment."

On March 26, 2018, Defendants provided *Fisher v. Harden,* 398 F.3d 837 (6th 2005), as legal authority to Plaintiff's counsel and requested that he withdraw his brief. ECF 68, PageID 1534. On April 13, 2018, Defendants served a copy of their Rule 11 motion on Plaintiff and again requested he withdraw the brief. They then filed Joint Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11. ECF 68. This motion is now ripe.

**II. Standard**

Rule 11 of the Federal Rules of Civil Procedure provides in relevant part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for

extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

(1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

(3) *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and

> warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11.

Rule 11 requires that the legal contentions in any pleading, written motion or other paper be warranted by existing law or by a non-frivolous argument for the extension, modification or reversal of existing law. See gen. Fed. R. Civ. P. 11. "[T]he test for whether Rule 11 sanctions are warranted is whether the conduct for which sanctions are sought was 'reasonable under the circumstances.'" *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 528 (6th Cir. 2006). The rule makes the imposition of sanctions for violations discretionary, rather than mandatory. *Ridder v. City of Springfield*, 109 F.3d 288, 293–95 (6th Cir. 1997) (citing Fed. R. Civ. P. 11(c)). In line with Rule 11's ultimate goal of deterrence, rather than compensation, the amended rule de-emphasizes monetary sanctions and discourages direct payouts to the opposing party. *Id.* (citing Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments)).

In the Advisory Committee Notes, the drafters correspondingly state:

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.... [T]he timely withdrawal of a contention will protect a party against a motion for sanctions.

*Ridder v. City of Springfield*, 109 F.3d 288, 293–95 (6th Cir. 1997) (citing Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments).

**III. Analysis**

7

Defendants assert that Plaintiff's bench brief in support of entry and certification of judgment is frivolous. (ECF 65, PageID 1531). According to Defendants, "It is contrary to both law and common sense to transform an appellate court's opinion reversing a district court's grant of summary judgment for certain parties as tantamount to granting summary judgment in favor of the other party."

Defendants cite to the Court and provided to Plaintiff the case of *Fisher v. Harden*, 437 F. Supp. 2d 700, 704 (S.D. Ohio 2006), a case from this district considering the same question. The *Fisher* district court opinion on remand examined the appellate decision, *Fisher v. Harden,* 398 F.3d 837 (6th 2005), for direction on how to proceed:

> In deciding Plaintiff's appeal, the Court of Appeals was required to view the evidence in the light most favorable to Plaintiff, and further to draw all reasonable inferences in Plaintiff's favor. The Court of Appeals explicitly acknowledged this standard of review numerous times throughout its opinion. The Court of Appeals first stated, "[i]n considering such a motion [for summary judgment], the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party." *Fisher,* 398 F.3d at 841, citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).
>
> In addressing the qualified immunity issue, the Court of Appeals noted, "[i]n the initial inquiry, we must consider 'this threshold question: [t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?'." *Id.* at 842, *quoting Saucier v. Katz,* 533 U.S. 194, 201 (2001); see PageID 1470. The Sixth Circuit further explained, "[v]iewing the facts in the light most favorable to him, we find that Fisher has established a violation of his Fourth Amendment rights," and "[v]iewing the evidence in the light most favorable to Fisher, we must reject the sentiments of the dissent that the deputies were 'merely securing the scene.' " *Id.* at 844, 846.

*Fisher v. Harden*, 437 F. Supp. 2d 700, 704 (S.D. Ohio 2006). "Contrary to his assertions, Plaintiff is not entitled to any such preferential consideration at this stage of the case. A jury is not required to view the evidence in the light most favorable to Plaintiff, nor is a jury required to draw all reasonable inferences in Plaintiff's favor. If the Court were to grant Plaintiff's motion for judgment based on the 'law of the case,' Defendants would be deprived of their day in court." *Id*.

Plaintiffs contend that *Fisher* is not binding authority and assert that Defendants have not come forward with binding authority. This is true–possibly because "[s]ome claims are so obvious or obscure that they have not been made before." Orin S. Kerr, *A Theory of Law*, 16 GREEN BAG 2D 111 (2012). One can, however, resolve the merits of Plaintiff's brief by means of turning to a treatise on the basics of federal practice:

> The nature of summary judgment rulings is such that further trial-court proceedings may lead to the same result as a reversed summary judgment determination.

*Law of the Case—Mandate Rule*, 18B FED. PRAC. & PROC. JURIS. § 4478.3 (2d ed.).

Moreover, there is no procedural vehicle to effectuate the outcome Plaintiff advocates. Plaintiff has not moved for summary judgment on liability, and thus, it was not possible for Plaintiff to appeal a denial of a motion for summary judgment in his favor–much less for the Court of Appeals to reverse such a decision.

"There is little in the record to suggest that Smith committed any crime, even a minor one." PageID 1471. Indeed, should a jury determine that Plaintiff was in violation of Troy City Ordinance § 345.09, "Parking of Motor Vehicles on Lawns Prohibited," Plaintiff would only be in violation of a minor misdemeanor, *id.*, and not subject to arrest. *United States v. Patterson*, No. 5:14-CR-00289, 2014 WL 6604589, at *1 (N.D. Ohio Nov. 20, 2014).

9

But, a jury could find Plaintiff in violation of City of Troy Ordinance § 541.03, Criminal Damaging or Endangering:

> (a) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:
>
> (1) Knowingly, by any means;
>
> (2) Recklessly, by means of fire, explosion, flood, poison gas, poison, radioactive material, caustic or corrosive material, or other inherently dangerous agency or substance.
>
> (b) Whoever violates this section is guilty of criminal damaging or endangering, a misdemeanor of the second degree.

City of Troy Ordinance § 541.03.

While there is little in the record read in the light most favorable to Plaintiff to suggest that Smith committed a crime, PageID 1471, a reasonable juror could find that what Officer Osting observed upon arrival, a car driven into a snow-covered yard, constituted criminal damaging. See, e.g., *Ohio v. Baker*, 2010-Ohio-1290 2010 WL 1177343 (Ohio App. March 29, 2010) (defendant charged with criminal damaging after she allegedly drove her car on the victims' lawn and left tire marks in the grass"); see also *Degenova v. Sheriff of DuPage Cty.*, No. 97 C 7208, 2001 WL 1345991, at *6 (N.D. Ill. Oct. 31, 2001); and *Kozel v. Vill. of Dolton*, 804 F. Supp. 2d 740, 745 (N.D. Ill. 2011).[2]

Granted, it is equally, if not more, plausible that the semi-clothed Plaintiff had obtained prior permission to park in the snowy yard—presumably from someone other than the person who

---

[2] "If the circumstances, viewed objectively, support a finding of probable cause, [then] the arresting officer's actual motives are irrelevant." *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988). District court may consider alternative grounds that neither it nor appellate court previously considered. *Moore v. WesBanco Bank, Inc.*, 612 F. App'x 816, 820 (6th Cir. 2015).

had called to complain about the car in the yard and loud music. PageID 1471.   There are realms of possibilities.   A jury will decide.

Similarly, the Court noted, "there is a factual dispute as to whether Smith actually resisted Osting before Osting took him to the ground, or whether Smith merely failed to comply with Osting's order to return to the car." PageID 1471.   There is also a "factual dispute regarding whether his failure to put one of his arms behind his back while lying face-down on the ground constitutes resistance sufficient to justify forcible handcuffing by Osting." PageID 1471-72.[3]

Rule 11 imposes on attorneys a duty to reasonably investigate factual allegations and legal contentions before presenting them to the court. Fed. R. Civ. P. 11(b). The threat of sanctions encourages keen observance of this duty. *See Ridder,* 109 F.3d at 294 ("Rule 11's ultimate goal [is] deterrence, rather than compensation...."). *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 766–67 (6th Cir. 2014).   Plaintiff, in advocating for entry of judgment in his favor in the absence of a motion for summary judgment, contrary to the clear direction of the United States Court of Appeals for the Sixth Circuit in an order that repeatedly emphasized that it was limited to a version of facts that "[v]iew[ed] the record in the light most favorable to Smith" PageID 1471, 1471, 1473, failed this duty.

Wherefore Joint Motion for Sanctions by Defendants, Deputy Phillip Osting and Officer Scott Gates, ECF 68, is **GRANTED**.   Defendants are **GRANTED** until March 22, 2019 to file a bill of costs with a proposed judgment entry.   Plaintiff is **GRANTED** until April 1, 2019 to object

---

[3] The district court correctly granted summary judgment to Hohenstein and Madigan on Smith's excessive force claim. ECF 62, PageID 1473.   The district court properly granted summary judgment to the City of Troy and Miami County on Smith's § 1983 claims. ECF 62, PageID 1473-74.   The district court correctly granted summary judgment to the defendants on Smith's ADA claim. ECF 62, PageID 1474.

to Defendants' cost calculation.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, March 4, 2019.

s/Thomas M. Rose

————————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE