UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Victor L. Smith,**

     *Plaintiff*,

**v.**                 Case No. 3:15-cv-054
                    Judge Thomas M. Rose

**City of Troy,** *et al.*,

     *Defendants*.

---

**ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' FOURTH JOINT MOTION IN LIMINE. ECF 86.**

---

Pending before the Court is Defendants' Fourth Joint Motion in Limine. ECF 86. It is hereby ordered that:

**A. Major Ijames**

Major Ijames has been identified as a witness, indeed an expert witness, by Defendant. Ijames is not a consulting expert. Plaintiff will be permitted to present Major Ijames' testimony in his case in chief by way of presenting his deposition testimony.

**B. Officer Osting**

Osting did not deploy his Taser, is not accused of acting contrary to the training he received from Miami County, and is not an expert in Tasers. Plaintiff will not be permitted to elicit from Osting information about his knowledge on the use of Tasers.

**C. Officer Gates**

Plaintiff will be permitted to seek Officer Gates' testimony on his personal understanding of Smith. Gates will also be permitted to testify about what his training is on Taser use, the training materials used to train him, his knowledge of, or lack thereof, his training materials and whether he acted in accordance with his training on the date in question.

**D.     Officers Hans Hohenstein, Chris Madigan, Kyle Knoop, Sgt. Richard Gumerlock**

Plaintiff represents that he does not intend to call Kyle Knoop. Plaintiff will be permitted to call Officers Hans Hohenstein, Chris Madigan, Sgt. Richard Gumerlock to testify about the training the City of Troy provided in order to assist the jury in determining whether Officer Gates acted in accordance with that training. This will include whether these officers understood that Plaintiff suffers from a seizure disorder or epilepsy. Plaintiff may also inquire as to their training on the X26 Taser.

**E.     Andrew J. Vonderembse and David Reed**

Plaintiff will not be permitted to ask either of these witnesses, who are EMTs, for a medical diagnosis or causation. Plaintiff will be permitted to ask these witnesses about their own personal knowledge of their involvement with this incident, the treatment they provided and the reasons they gave it.

**F.     Representatives from City of Troy and from Miami County, Ohio**

Plaintiff does not respond to Defendants' argument about "Representatives from … Miami County, Ohio." Therefore, the Court will preclude Plaintiffs from inquiring about training issues from the Miami County representatives. However, because whether Officer Gates adhered to his training is relevant, what that training consisted of is also relevant. Plaintiff will be permitted to ask representatives from the City of Troy about training and

procedures for law enforcement officials, procedures regarding use of force for law enforcement officials; and, as regards the City of Troy, law enforcement training and procedures regarding use of Taser equipment.

**G.    Victor Smith**

Out-of-court statements made by Smith to medical providers concerning his condition as an epileptic will be permitted to the extent permitted by Federal Rule of Evidence 803(3) and (4). In court, he will be permitted to testify about matters within his personal knowledge, such as a history of seizures.

**H.    Brittany Kerr, Myra Smith, Jerry Smith, Corey Kinnel, Sarah Christman, Derek Mallery, Justin Beck**

These witnesses will be permitted to testify concerning their factual observations of Victor before and after the incident with police, should the matter reach the damages stage.

**I.    Teri Stephenson**

Under Ohio Revised Code § 4757.21 "Licensed Professional Clinical Counselor[s]" are authorized to diagnose and treat. If Plaintiff establishes that Stephenson is a Licensed Professional Clinical Counselor, she will be permitted to testify about her treatment and diagnosis of Plaintiff.

**J.    Emergency Room staff, nurses and physicians from Upper Valley Medical Center; Dr. Rajinder Singh, D.O.; Thomas K. Riddle, physician's assistant**

Because these individuals, like Stephenson, were not specially employed to provide expert testimony in the case, they will be permitted to testify about their treatment and diagnosis of Plaintiff, if qualified to do so, and will be limited to their personal knowledge.

**K.      Ms. Claire Bagarus and/or Pamela Jacques and Other Third Parties**

Because Plaintiff is not calling these witnesses, this part of Plaintiff's motion is moot.

**L.      Plaintiff's Exhibits**

The Court will presently reserve its ruling on Plaintiff's Exhibits.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, April 1, 2019.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
